Citation Nr: 21049995
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 15-25 600
DATE: August 13, 2021

ORDER

Entitlement to service connection for the Veteran's cause of death is denied.

FINDINGS OF FACT

1. The Veteran died in February 2014, from hepatocellular carcinoma (liver cancer); this disorder was not manifested during his military service or to a compensable degree within one year of service discharge and is not otherwise related to service. 

2. The Veteran had no service-connected disabilities at the time of his death. 

CONCLUSION OF LAW

The criteria for service connection for the Veteran's cause of death are not met. 38 U.S.C. §§ 1310, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.312. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from August 1971 to September 1975. He died in February 2014. The appellant is his surviving spouse. This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2014 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In June 2016, the appellant testified at a Board hearing. A transcript of that hearing is of record. The matter was remanded by the Board in July 2018, April 2020, and August 2020 for additional development. 

Cause of Death

The Veteran's death certificate identifies the cause of death as liver cancer due to or as a consequence of cirrhosis. At the time of his death service connection was not in effect for any disability. The appellant asserts that the Veteran's liver cancer was caused by hepatitis C, which he contracted in service. At the June 2016 hearing she testified that her husband told her that while he was stationed in Okinawa, Japan he underwent an emergency appendectomy and received a blood transfusion. 

To establish service connection for the cause of a veteran's death, the evidence must show that a disability due to disease or injury incurred in or aggravated by active service, or which was proximately due to or the result of a service-connected condition, was either a principal or contributory cause of death. 38 U.S.C. § 1310; 38 C.F.R. § 3.312(a). For a service-connected disability to be the principal cause of death, it must singularly or jointly with some other condition be the immediate or underlying cause of death or be etiologically related thereto. 38 C.F.R. § 3.312(b). For a service-connected disability to be a contributory cause of death, it must be shown that it contributed substantially or materially, that it combined to cause death, or aided or lent assistance to the production of death. 38 C.F.R. § 3.312(c). 

Therefore, service connection for the cause of the Veteran's death may be demonstrated by showing that his death was caused by a disability for which service connection had been established at the time of death, or for which service connection should have been established. Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated during service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Certain chronic diseases, including cancers, are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). 

Medically recognized risk factors for hepatitis C include: (a) transfusion of blood or blood product before 1992; (b) organ transplant before 1992; (c) hemodialysis; (d) tattoos; (e) body piercing; (f) intravenous drug use (with the use of shared instruments); (g) high-risk sexual activity; (h) intranasal cocaine use (also with the use of shared instruments); (i) accidental exposure to blood products as a healthcare worker, combat medic, or corpsman by percutaneous (through the skin) exposure or on mucous membrane; and (j) other direct percutaneous exposure to blood, such as by acupuncture with non-sterile needles, or the sharing of toothbrushes or shaving razors. See VA Training Letter 01-02 (April 17, 2001).

Having carefully reviewed the evidence of record, the Board finds that the criteria for service connection for the cause of the Veteran's death are not met. Service treatment records fail to reveal any signs or symptoms suggestive of a chronic liver disease or liver cancer. These records are entirely negative for any reference to symptoms associated with what is now known as hepatitis C and are also unremarkable for common risk factors associated with hepatitis C, including blood transfusions. At separation in June 1975, the only identifying body mark/scar was located on the Veteran's lower left leg with no reference to any surgical scar associated with an appendectomy.

There is also no evidence that liver cancer was manifested to a compensable degree within one year of separation from his period of active service in 1975. 38 C.F.R. §§ 3.307, 3.309. Post-service VA treatment records show the Veteran had a history of hepatitis C and cirrhosis since at least 1999. He was also noted to have a history of heavy alcohol abuse, and history of substance abuse with cocaine, heroin including a remote history of intravenous (IV) drug abuse. The Veteran also reported a history of appendectomy in 1972, but did not report a history of blood transfusion. It appears he was later diagnosed with hepatocellular carcinoma in 2008, more than 30 years after his separation from active duty. See VA Progress notes dated from 2000 to 2014. 

(Continued on the next page)

 

The Board is sympathetic to the appellant's claim, and while she has put forth her belief that the Veteran's liver cancer was the result of hepatitis C contracted from an in-service blood transfusion, the record does not contain any evidence of such a correlation. The appellant has essentially made a contention that this is the case, with no medical evidence in support of her argument. The record reflects several requests to the National Personnel Records Center, (NPRC) for additional service treatment records and the response has consistently been that all available records have been provided. See VA Form 21-3101s (April 2008) (September 2014) and (February 2021). Thus, the theory that the Veteran contracted hepatitis C as a result of a blood transfusion is not supported by the record. Even assuming, for the sake of argument the Veteran did undergo an appendectomy during service, there is no objective evidence that would indicate he received a blood transfusion at that time. So, while he may very well have undergone an appendectomy in service, the surgery alone without evidence of blood transfusion is not a risk factor. The Board cannot grant the claim on the basis of speculation. Moreover, the Veteran had other recognized risk factors for contracting hepatitis C after service cocaine use and IV drug use. As the preponderance of the evidence is against the claim there is no reasonable doubt to be resolved and service connection for the cause of the Veteran's death is denied. 38 U.S.C. § 5107(b).

The Board is grateful for the Veteran's honorable service and regrets that a favorable disposition is not permitted.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Bryant, Jeana R

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.